Tadco Constr. Corp. v General Contrs. Assn. of N.Y., Inc. (2024 NY Slip Op 00059)

Tadco Constr. Corp. v General Contrs. Assn. of N.Y., Inc.

2024 NY Slip Op 00059

Decided on January 09, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 09, 2024

Before: Webber, J.P., Gesmer, Kennedy, Rosado, Michael, JJ. 

Index No. 656320/20 Appeal No. 1378 Case No. 2023-01834 

[*1]Tadco Construction Corp., Plaintiff-Appellant,
v
General Contractors Association of New York, Inc., Defendant-Respondent.

Bryan Ha, White Plains, for appellant.
McElroy, Deutsch, Mulvaney & Carpenter, LLP, New York (Mark A. Rosen of counsel), for respondent.

Order, Supreme Court, New York County (Lucy Billings, J.), entered on or about September 7, 2023, denying plaintiff Tadco Construction Corp.'s motion for a default judgment, unanimously affirmed, with costs.
In this action seeking damages for breach of fiduciary duty or, in the alternative, declaratory relief, defendant General Contractors Association of New York, Inc. (GCA) was technically in default when it failed to timely answer or move to dismiss after it filed its notice of appearance. Nonetheless, Tadco failed to demonstrate the facts constituting the claim by submitting an affidavit of merit or a verified complaint (CPLR 3215[f]; see Bigio v Gooding, 213 AD3d 480, 481 [1st Dept 2023]). Although Tadco alleges in its complaint that GCA was under a fiduciary duty to protect it with respect to claims against it by a labor union, Tadco failed to establish the existence of a continuing fiduciary relationship with GCA after it terminated its membership in GCA in June 2006. For the same reasons, Tadco failed to establish that it was entitled to a default judgment on its claim for declaratory relief.
In addition, GCA offered a reasonable excuse for failing to answer the complaint, demonstrating that its failure to answer was not willful or part of a pervasive pattern of neglect, but rather, resulted from inadvertent law office failure (CPLR 2005; see Hertz Vehs., LLC v Mollo, 171 AD3d 651, 651 [1st Dept 2019]; see also Spivey v City of New York, 167 AD3d 487, 487 [1st Dept 2018], lv dismissed 35 NY3d 936 [2020]). GCA also offered several meritorious defenses to Tadco's claims, including the defense that GCA owed no fiduciary duty to Tadco after a 2002 collective bargaining agreement expired in June 2006. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 9, 2024